UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HILLS,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>    Defendants. | No. CV 17-3373 MWF (FFM)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Michael W. Fitzgerald, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order No. 194 of the United States District Court for the Central District of California. For the reasons discussed below, the Magistrate Judge recommends that judgment be entered dismissing the action with prejudice.

## I. PROCEEDINGS

On May 4, 2017, plaintiff Ronald Hills ("Plaintiff"), proceeding *pro se*, filed a complaint against Wells Fargo Bank, N.A., United States Marshall, Asset Reliance, Inc., Craig Hansen, Edward D. Testo, George Barbour, Ivan Rene Moore, and Does 1 through 10, alleging causes of action for: (1) violation of rights under 42 U.S.C. § 1983 ("Section 1983"); (2) violation of the Fifth Amendment; (3) conversion; (4)

intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; (6) trespass to chattel; (7) replevin; (8) violation of business and professions code 17200 *et seq*; (9) negligence; and (10) punitive damages. (Dkt. No. 1.)  Service of process was effected on most[1] of the defendants on July 28, 2017. (Dkt. Nos. 20-22.)  On May 25, 2017, defendant George Barbour filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  (Dkt. No. 9.)  Plaintiff filed an opposition on June 26, 2017. (Dkt. No. 12.)  On July 27, 2017, defendants Wells Fargo, N.A., Asset Reliance, Inc., Craig Hansen and Edward D. Testo jointly filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and a motion for sanctions. (Dkt. Nos. 14 and 15.)  Plaintiff filed an opposition to the motion to dismiss on August 29, 2017. (Dkt. No. 24.)  Plaintiff filed no opposition to the motion for sanctions. (*See* Dkt. No. 29.)  Defendants filed a reply on September 5, 2017. (Dkt. Nos. 25-28.)  The matter thus stands submitted.  For the reasons that follow, the Court recommends that both defendants' Motions to Dismiss be granted without leave to amend and that the motion for sanctions be denied.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff Ronald Hills alleges he kept business and personal property at the home of his associate defendant Ivan Rene Moore. (Compl. at 5.)  Plaintiff claims Moore was evicted from his home on February 12, 2012. (*Id.* at 5-6.)  Plaintiff admits that since that date he has been seeking the return of his property, but that he has not been able to obtain it because defendants have conspired to deprive him of that property. (*Id.*)  Plaintiff alleges that as recently March 10, 2017 defendants Wells Fargo and United States Marshall conspired to deprive him of his property without just

//

---

[1]While Defendants Wells Fargo Bank, N.A., Asset Reliance, Inc., Edward D. Testo and Ivan Rene Moore appear to have been duly served, there is no proof of service on record for Defendants Craig Hanson, George Barbour, or United States Marshall.

compensation in violation of the Fifth and Fourteenth Amendment. (*Id* at 10-11.) Plaintiff claims over $300,000,000.00 in damages. (*Id.* at 23.)

### III. ANALYSIS

A.    Plaintiff's Federal Claims Fail to State a Claim Upon Which Relief Can Be Granted.

Defendant Barbour's Motion to Dismiss argues that the claims are untimely, that the complaint fails to state a claim upon which relief can be granted as to multiple claims, and that this Court lacks subject matter jurisdiction. (*See* Barbour Mot. to Dismiss, Dkt. No. 9, hereinafter "Barbour Mot.") The Motion to Dismiss filed by defendants Wells Fargo, Asset Reliance, Hansen, and Testo similarly claims that Plaintiff's claims are untimely, that the complaint fails to state a claim upon which relief may be granted as to multiple claims, that various claims are barred by res judicata and collateral estoppel, and that Plaintiff lacks standing. (*See* Wells Fargo, N.A. Mot. to Dismiss, Dkt. No. 14, hereinafter "Wells Fargo Mot.") This recommendation will focus on the failure to state a claim upon which relief can be granted as to the federal claims only, since the Court finds that the complaint must be dismissed in its entirety on that ground alone.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Conclusory statements that merely recite the elements of a claim are insufficient for the purpose of 12(b)(6). *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

//

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .").

Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Finally, *pro se* litigants in civil rights cases should be given leave to amend their complaints. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000). However, if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," a *pro se* complaint may be dismissed without leave to amend. *Karim-Panahi*, 839 F.2d at 623 (internal quotation marks omitted).

    1.    <u>Plaintiff's 42 U.S.C. §1983 claim fails to state a claim upon which relief can be granted, even if it is construed as a *Bivens* claim or a Federal Tort Act Claim.</u>

Plaintiff alleges under 42 U.S.C. §1983 that Wells Fargo Bank, Inc. conspired with an unnamed United States Marshall "to deprive Plaintiff of the use and enjoyment in his personal properties without just compensation and without giving Plaintiff notice of when they seized and converted Plaintiff's personal properties without just cause." (Compl. at 10.) Plaintiff states that the named defendants were "acting under color of law" when they "unlawfully seize[d]" the property "without just cause." (*Id.*) He alleges that this seizure violated his Fifth and Fourteenth Amendment rights. (*Id.*)

There are no references to the United States Marshall in the general allegations of the complaint, thus the complaint fails to state any facts to support the conclusory allegations listed above. However, the Court takes judicial notice of the California State Court and Federal Bankruptcy Court and District Court proceedings that provide context for Plaintiff's claim. (*See* Case Nos. LASC BC480013, consolidating

California Superior Court cases, hereinafter "L.A. Superior Court Action"; 2:16-bk-22878-BR, hereinafter "Bk. Action"; and 2:17-cv-2312-VAP-JEM, hereinafter "Collection Action.") From this case history the Court adduces that Plaintiff's property was allegedly stored in a house where he conducted his business with his business partner defendant Moore and where Moore resided. (Compl. at 5.) On or around February 12, 2012, Moore was evicted from the premises and, allegedly, Plaintiff's personal property remained on the premises. (*Id.*) Plaintiff participated in a series of California state actions in an attempt to recover the property that he purportedly left on the premises and that allegedly was unlawfully withheld. (*See* L.A. Superior Court Action.) However, in 2017, the United States Bankruptcy Court for the Central District of California found that the property was part of the homeowner's bankruptcy estate, and issued an order allowing creditor Wells Fargo Bank to move forward with liquidating that estate to satisfy a debt owed to Wells Fargo, despite Plaintiff's objections and appeals by Moore. (*See* Bk. Action Dkt. at 55, 58-171.) Subsequently, Wells Fargo Bank requested an order to levy upon the personal property of the estate in Federal District Court. (*See* Collection Action.) Plaintiff attempted to intervene in this action, but notwithstanding Plaintiff's objections the Central District Court ruled that Wells Fargo could seize and sell the property. (*Id.* at 15.) Plaintiff now brings this claim against Wells Fargo Bank and an unnamed United States Marshall for alleged constitutional violations and torts resulting from this court ordered seizure and sale. Plaintiff's claim fails to state a claim for multiple reasons.

First, this claim against a federal actor cannot be brought under 42 U.S.C. §1983. Section 1983 provides a remedy only for constitutional violations by state actors. *Cerrato v. San Francisco Comt'y College Dist.*, 26 F.3d 968, 971 n.5 (9th Cir. 1994). No state actors are listed in Plaintiff's claim, nor could any be added through amendment based on this set of facts, because it was a federal court and a federal agent that executed the collection action, rather than any state actor. Thus, Plaintiff's claims fail to state a claim upon which relief can be granted under Section 1983.

This flaw is not fatal, however, because Plaintiff hypothetically still could amend the pleadings to state a cognizable claim. Plaintiff's complaint could be amended to attempt to allege a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971). A *Bivens* action allows a plaintiff to bring a civil action for constitutional violations committed by federal employees or their agents. *Id. See also Western Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1119 (9th Cir. 2009); *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

To state a private cause of action under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated and (2) that the violation was committed by a federal actor. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988); *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). Actions under Section 1983 and those under *Bivens* are identical save for the replacement of a state actor under Section 1983 by a federal actor under *Bivens*. *Butz v. Economou*, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under § 1983 and federal officials sued under *Bivens*); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (same statute of limitation should be used for Section 1983 actions as for *Bivens* actions).

The factors a plaintiff must plead to establish a *Bivens* claim "will vary with the constitutional provision at issue." *Iqbal*, 556 U.S. at 676. As relevant here, the Fifth Amendment provides that no person should "be deprived of life, liberty or property without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. Amend. V. The Fourteenth Amendment's due process clause provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. As an initial matter, Plaintiff fails to state a claim under the Fourteenth Amendment for the same reason that the Section 1983 claim fails–the Fourteenth Amendment only applies to the states, not to

6

the federal government. *See* U.S. Const. Amend. XIV. Plaintiff alleges no claims against state government officials, and could not possibly amend his claim to name any state actors. Plaintiff's Fifth Amendment claim fails on multiple grounds. Plaintiff was not denied procedural due process. Indeed he had the opportunity to fully intervene and litigate in the state and federal bankruptcy court and district court proceedings that resulted in the Collection Action. Nor was Plaintiff denied substantive due process, since the alleged taking was not for public use. *See* U.S. Const. Amend. V. Here, the property was taken to satisfy a valid private debt, a use that serves no "public purpose" under Fifth Amendment law since it provides no conceivable public benefit under Fifth Amendment jurisprudence. *See, e.g., Kelo v. City of New London, Conn.*, 545 U.S. 469 (2005) (defining "public purpose" requirement broadly to include takings in the public interest or for public benefit).

Alternatively, Plaintiff's claim could be construed as a claim under the Federal Tort Claims Act. The Westfall Act provides that a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 is the "exclusive" remedy for plaintiffs seeking to recover damages for the "negligent or wrongful act or omission of any employee of the Government . . . acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The Federal Tort Claims Act bars claimants from bringing suit in federal court until they have exhausted administrative remedies. *McNeil v. United States*, 508 U.S. 106, 112 (1993); 28 U.S.C. § 2675(a). Here, Plaintiff has failed to meet that requirement. Even if Plaintiff were to cure this defect, his claim would still fail. The United States Marshall enforced a facially valid court order, thus, Plaintiff cannot allege that the Marshall's execution was negligent, and the Marshall would be afforded immunity. *Torres Ramirez v. Bermudez Garcia*, 898 F.2d 224 (1st Cir. 1990) (United States Marshall who executed a vacated arrest warrant entitled to qualified immunity); *Bame v. Dillard*, 637 F.3d 380 (D.C. Cir. 2011) (United States Marshall entitled to qualified immunity for search where law was unclear); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) (prothonotary

afforded immunity for acting pursuant to court order considering the "well-grounded principle that any public official acting pursuant to court directive is also immune from suit"). Since the claim against the Marshall would necessarily fail, any related claim against the private defendants for conspiracy also fails for lack of jurisdiction.

2.    <u>Plaintiff's Fifth and Fourteenth Amendment claims fail to state a claim upon which relief can be granted</u>

For the reasons stated above, the Fifth and Fourteenth Amendment claims fail to state a claim upon which relief can be granted.

C.    <u>The Court need not address defendants' remaining contentions at this time.</u>

Defendants' remaining contentions are moot since the Complaint fails to state a claim for which relief can be granted as to the federal causes of action, thus this Court lacks jurisdiction over the state law claims.

Leave to amend is not warranted. If a pleading's allegations are insufficient to state a claim and amendment would be futile, a court may deny leave to amend. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Here, nothing in Plaintiff's briefing and argument indicates any possibility that he could allege additional facts that would cure the deficiencies identified herein. Accordingly, amendment would be futile.

With respect to defendants' motion for sanctions, the Court notes Plaintiff's apparent improper behavior, but as he was not a party to the prior litigation–and given this Court's recommendation of dismissal with prejudice–the Court finds it inappropriate to recommend an award of monetary sanctions at this time.

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, it is recommended that the District Court issue an order: (1) approving and accepting this Report and Recommendation; (2) granting defendants' motions to dismiss the Complaint without leave to amend; (3) denying defendants' motion for sanctions; and (4) directing that judgment be entered dismissing this action with prejudice.[2]

DATED: April 24, 2018

_____
FREDERICK F. MUMM
United States Magistrate Judge

---

[2] On April 2, 2018, Plaintiff filed objections to this Report and Recommendation. Those objections have not persuaded the Court to make any change in its recommendation. First, Plaintiff cannot allege a federal cause of action by substituting former Los Angeles Police officer Kimberly Martin-Bragg for one of the DOES listed in the complaint because her alleged conduct, which is purely private, satisfies neither the Fifth and Fourteenth Amendment's state action requirement, nor Section 1983's "under the color of state law" requirement. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (holding merely private conduct, no matter how discriminatory or wrongful, is outside the scope of Section 1983 and the Fourteenth Amendment). Second, Plaintiff's assertion that he did not receive notice of the litigation that allegedly deprived him of his property and that he did not have the opportunity to intervene, is not supported by the record. Although Mr. Hills was not a party in the litigation, not only did he receive notice of the Bankruptcy proceedings, but he also participated in both the state and federal court litigation by endorsing Mr. Moore's efforts, for example, by submitting his declaration to the court in support of Mr. Moore's briefs. *See* Dkt. No. 16.

9